**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT TOPEKA**

| | |
|---|---|
| **CHOICE HOTELS INTERNATIONAL, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.:  5:17-cv-4082** |
| ) | |
| **RAM INVESTMENT, INC.,** ) | |
| ) | |
| **Serve at:** ) | |
| **Bhavna N. Bhakta, Registered Agent** ) | |
| **10801 Johnson Dr.,** ) | |
| **Shawnee, KS 66203,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **NITIN BHAKTA,** ) | |
| **Serve at:** ) | |
| **10801 Johnson Dr.,** ) | |
| **Shawnee, KS 66203** ) | |
| ) | |
| **Defendants.** ) | |

**COMPLAINT FOR
PRELIMINARY AND PERMANENT INJUNCTION**

Plaintiff Choice Hotels International, Inc. (hereinafter, "Choice Hotels") hereby asserts this Complaint against Defendants RAM Investment, LLC, and Nitin Bhakta (collectively "Defendants") for: (1) infringement of Choice Hotels' federally registered trademarks pursuant to § 32(l) of the Lanham Act, 15 U.S.C. § 1114(1); (2) false designation of origin and unfair competition pursuant to § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (3) breach of contract.  Choice Hotels seeks a preliminary and permanent injunction preventing Defendants from making further use of its trademarks.

## INTRODUCTION

Choice Hotels owns the rights to the COMFORT® family of marks (collectively the "Marks").   In 2011, Choice Hotels and Defendants entered into a contract (the "Franchise Agreement") whereby Defendants were authorized to use the Marks in connection with a hotels owned by Defendants in Junction City, Kansas.   In 2015, Choice Hotels terminated the Franchise Agreement due to Defendants' failure to pay franchise fees, and instructed Defendants to cease holding themselves out as a COMFORT® hotel.   Defendants ignored this instruction, and continued to use the Marks and hold themselves out as a COMFORT® branded hotel, despite repeated demands by Choice Hotels to stop.   In this action, Choice Hotels seeks a preliminary and permanent injunction preventing Defendants from making further use of the COMFORT® family of marks.

## THE PARTIES

1.      Choice Hotels is a corporation organized under the laws of the State of Delaware with its principal place of business at 1 Choice Hotels Circle, Suite 400, Rockville, Maryland 20850.

2.      Upon information and belief, RAM Investment, Inc., ("RAM") is a limited liability company organized and existing under the laws of the State of Kansas.   RAM may be served with process through its registered agent, Bhavna Bhakta, at 10801 Johnson Drive, Shawnee, Kansas 66203.

3.      Upon information and belief, Nitin Bhakta ("Bhakta") is an individual residing at 10801 Johnson Dr., Shawnee, Kansas 66203.

2

## NATURE OF ACTION

4.      This is an action for trademark infringement, false designation of origin and unfair competition under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. § 1051 *et seq.*), and breach of contract.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b).  Jurisdiction over the state law claims is appropriate pursuant to 28 U.S.C. § 1367.  The claims asserted herein arose in this judicial district.

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a)(1) and (a)(2).

## THE CHOICE HOTELS MARKS

7.      Choice Hotels and its predecessors-in-interest have continuously operated and franchised hotels under the COMFORT® family of marks since at least as early as 1981.  The COMFORT® marks consist of COMFORT INN®, COMFORT HOTEL®, COMFORT HOTEL & SUITES®, COMFORT INN & SUITES®, COMFORT SUITES®, and COMFORT RESORT®, among other related word and design marks.  A complete list of the marks comprising the COMFORT® family of marks, along with their registration information, is attached to this Complaint as **Exhibit A** and incorporated herein by reference.

8.      On July 27, 1999, Choice Hotels registered the mark COMFORT INN & SUITES® with the United States Patent and Trademark Office ("USPTO") (Reg. No. 2,264,702).  A true and correct copy of this registration is attached to this Complaint as **Exhibit B** and incorporated herein by this reference.  Choice Hotels' mark COMFORT INN & SUITES® is incontestable under 15 U.S.C. § 1065.

9.      On January 24, 2006, Choice Hotels registered the mark COMFORT INN & SUITES® with the USPTO (Reg. No. 3,050,883).  A true and correct copy of this registration is

KCP-8284646

attached to this Complaint as **Exhibit C** and incorporated herein by this reference.  Choice Hotels' mark COMFORT INN & SUITES® is incontestable under 15 U.S.C. § 1065.

10.     On January 24, 2006, Choice Hotels registered the mark COMFORT INN & SUITES & Wave Design® with the USPTO (Reg. No. 3,050,868).  A true and correct copy of this registration is attached to this Complaint as **Exhibit D** and incorporated herein by this reference.  Choice Hotels' mark COMFORT INN & SUITES & Wave Design® is incontestable under 15 U.S.C. § 1065.

11.     The COMFORT® marks have been widely advertised and services have been extensively offered under them throughout the United States.

## THE FRANCHISE AGREEMENT

12.     On June 30, 2011, Choice Hotels entered into a Franchise Agreement with RAM and Bhakta allowing Defendants to operate a COMFORT INN & SUITES® Hotel located in Junction City, Kansas (the "Franchise Agreement").  A true and correct copy of the Franchise Agreement is attached hereto as **Exhibit E** and incorporated herein by this reference.

13.     Under the Franchise Agreement, Choice Hotels granted Defendants a license to use the COMFORT® Marks in connection with Defendants' hotel for the term of the Agreement.

14.     Defendants have used and continue to use the COMFORT® Marks in a wide variety of ways, and the COMFORT® Marks appear on, among other things, property signage, entrance signage, building signage.

15.     Defendants have used and, upon information and belief, may continue to use the COMFORT® Marks in telephone communications with customers, the lobby display/backdrop, owner's plaques, rate/hotel law cards, guest and office stationary, shower curtains, fire evacuation cards, soap/amenity packages, in-room organizers, cups, glasses, van signs, folios,

4

name tags, ice buckets, guest services directories, sani-bags, travel directories, ashtrays, phone place info, matches, brochures, rack cards, flyers, guest room door signage, "do not disturb" cards, wastebaskets, sanitary toilet strips, pads, pencils, pens, and guest comment cards.

16.     Pursuant to the Franchise Agreement, Choice Hotels had the right to terminate the Agreement if Defendants materially defaulted by, among other things, failing to pay franchise fees.   Additionally, Choice Hotels had the right to terminate the Agreement if Defendants received two written notices of default, whether or not cured, for the same or a similar cause or reason within a consecutive 12-month period.

17.     Defendants agreed that, if Choice Hotels terminated the Agreement, Defendants would immediately cease and desist using the COMFORT® Marks.

18.     Prior to December 3, 2014, Defendants defaulted on their material obligations under the Franchise Agreement by failing to pay franchise fees.

19.     On December 3, 2014, Choice Hotels sent Defendants a Notice of Default for failure to pay fees connection with the Franchise Agreement.

20.     Defendants cured the defaults identified in the December 3, 2014 Notice of Default, thereby avoiding loss of their franchisee status and authorization to display the COMFORT® Marks in connection with the hotel.

21.     On August 10, 2015, Choice Hotels sent Defendants another a Notice of Default, again for failure to pay fees in connection with the Franchise Agreement.

22.     On October 26, 2015, after Defendants failed to cure their August 10, 2015 defaults, Choice Hotels sent Defendants a Notice of Termination terminating the Franchise Agreement for (1) failure to cure the August 10, 2015 default and (2) receipt of two written Notices of Defaults for the same reason within a 12-month period.  The Notice also demanded

5

that Defendants cease and desist their use of the COMFORT® Marks; demanded payment of outstanding franchise fees, commissions, and royalties; and informed Defendants that any continued use of the COMFORT® Marks after November 10, 2015 would constitute trademark infringement and breach of contract.

23.     Defendants did not respond to the October 26, 2015 Notice of Termination.

24.     On December 16, 2015, Choice hotels learned that Defendants were still calling, representing, and operating their hotel as a COMFORT INN & SUITES® hotel.

25.     On December 18, 2015, after discovering that Defendants were continuing to use the COMFORT® Marks, Choice Hotels again notified Defendants that their unauthorized use of the COMFORT® Marks constituted trademark infringement, and requested that Defendants cease and desist using the COMFORT® Marks.

26.     In response to the December 18, 2015 cease and desist letter, Pamela Haywood, who identified herself as someone who worked directly for the owners of the hotel, left a voicemail message for the Choice Hotels legal department.   On December 29, 2015, she explained that the owners were actively trying to reinstate the property's franchise status and she expected the reinstatement to be completed in January of 2016.

27.     Defendants never submitted a formal request nor submitted fees necessary to reinstate the Franchise Agreement.

28.     On or before March 16, 2016, Paresh Patel submitted an application to Choice Hotels for a Comfort® franchise at Defendants' location.  He represented that he was purchasing the property from RAM Investment, Inc.

29.     In anticipation of purchasing the hotel, Mr. Patel signed his own separate Franchise Agreement with Choice Hotels.   Defendants and Mr. Patel represented to Choice

Hotels that Mr. Patel would that reopen the hotel as a Choice Hotels franchisee as soon as the sale closed and he obtained possession of the property.

30.     On March 29, 2016, Choice Hotels' field representative documented that Defendants were now calling the hotel "Junction City Inn & Suites," and had removed the owner's plaque and changed the hotel name on the folios, but were still displaying COMFORT® signage.

31.     On March 30, 2016, the Sales Department confirmed the hotel would reopen as a COMFORT® franchise within a couple weeks of the sale as the renovation items required prior to reopen would be minor.

32.     On June 1, 2016, Choice Hotels' Legal Department documented that the hotel was listed in Google and booking online on Expedia.com, Booking.com and Hotels.com, among others, under the name "Junction City Inn & Suites."   However, Choice Hotels' field representative further reported that the COMFORT® signage remained up.

33.     In September of 2016, Choice Hotels learned that negotiations for the sale of the property to Mr. Patel had ceased, and Defendants were no longer pursuing a sale.  On or around this same time, Choice Hotels confirmed that the hotel had not completed the signage change to Junction City Inn & Suites and the COMFORT INN & SUITES® signage remained up at the property.

34.     On September 15, 2016, Choice Hotels sent a second cease and desist letter, requesting again that Defendants immediately remove all COMFORT® signage from the property.

35.     In response to the second cease and desist letter, Defendants requested that Choice Hotels permit them to restore their status as franchisees.

7

KCP-8284646

36.     Choice Hotels informed Defendants that it would not consider any application for reinstatement until Defendants removed the COMFORT® signage and satisfied their obligation to pay franchise and related fees that remained delinquent.

37.     In a half-hearted attempted to eliminate their infringing use of the Marks, Defendants attempted to cover the COMFORT® signage with a thin, white material.  The sign covers were ineffective.

38.     The COMFORT® Marks on the sign at the entrance to the parking lot of the property are visible through the white cover when the sign is illuminated a night.

39.     The cover on the taller, roadside sign has completely fallen off, revealing the COMFORT® Marks.

40.     As a result, the hotel continues to display the COMFORT® Marks and signals to the public that Choice Hotels has sponsored, approved, or authorized Defendants' hotel, or is otherwise connected to it.

41.     Choice Hotels no longer sponsors, approves, or authorizes Defendants' hotel services, and it no longer connected to them in any way.

42.     On December 29, 2016, Choice Hotels sent an email to Defendants notifying them of the ineffective sign covers and demanding that the signage be replaced with more substantial covers.  As of the date of this filing, Defendants have refused to address the defective sign covers and the resulting unauthorized display of the COMFORT® Marks.

43.     Despite Choice Hotels' demands, Defendants' wrongful use of the COMFORT® Marks continues through the date of filing this suit.

44.     The Franchise Agreement contains a mandatory arbitration clause that requires the parties to arbitrate all disputes arising out of or relating to the Franchise Agreement.  *See* Ex.

KCP-8284646

E, ¶ 21.  The arbitration clause, however, expressly exempts claims for injunctive relief arising

from Defendants from use of Choice Hotel's intellectual property, like those asserted here, which

may be pursued in court.  Other than this action for injunctive relief, Choice Hotels reserves its

right to pursue all of its claims and remedies against Defendants, including money damages,

under the arbitration procedures set forth in Paragraph 21 of the Franchise Agreement.

**COUNT I**
**(Trademark Infringement)**

45.     Choice Hotels realleges and incorporates by reference the preceding paragraphs of

this Complaint as if fully set forth herein.

46.     Choice Hotels has used the Marks continuously in commerce, since the date of

first use in commerce, and have promoted the Marks in interstate commerce in the advertising,

promotion, and presentation of its goods and services.

47.     Defendants are currently using the Marks in connection with their hotels located

at 221 East Ash Street, Junction City, KS  66441.

48.     Defendants have infringed the Marks in interstate commerce by various acts,

including, without limitation, the unauthorized selling, offering for sale, promotion and

advertising of their hotels under the COMFORT INN & SUITES® Marks.

49.     Defendants' use of the Marks in connection with their hotels is without

permission or authority of Choice Hotels and said use is likely to cause confusion, to cause

mistake, and/or to deceive consumers as to the source of Defendants' hotels.

50.     Defendants' continued use of the Marks in connection with their hotels without

the authorization of Choice Hotels infringes Choice Hotels' rights in their federally registered

trademarks in violation of Section 32(l) of the Lanham Act of 1946, 15 U.S.C. § 1114(1).

Defendants' continued use of the Marks creates a situation in which the public is likely to be confused, deceived, or mistaken regarding the source or sponsorship of Choice Hotels.

51.     Defendants are using the Marks in connection with their hotels despite Choice Hotels' well-known and prior established rights in the Marks.  Defendants have actual notice of Choice Hotels' federal registration rights and constructive notice under 15 U.S.C. § 1072.

52.     Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other harm to Choice Hotels' business reputation and goodwill in its federally registered Marks.  Defendant has no adequate remedy at law.

53.     Pursuant to 15 U.S.C. § 1116(a), Choice Hotels is entitled to an order preliminary and permanently enjoining Defendants from using the Marks.

## COUNT II
### (False Designation of Origin)

54.     Choice Hotels realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

55.     Defendants have intentionally confused and mislead the public, represented and created the false impression that Choice Hotels somehow authorized, originated, sponsored, approved, or licensed Defendants' use of the Marks.

56.     Defendants' use of the Marks constitutes a false designation of origin or false misrepresentation that is likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendants' hotels with Choice Hotels or as to whether Choice Hotels has sponsored, approved, or authorized Defendants' hotels or is otherwise connected to them.

KCP-8284646

57.     Since the termination of the Franchise Agreement, Choice Hotels has not authorized, licensed or given permission to Defendants to use the Marks in any manner whatsoever.

58.     Defendants' use of the Marks has created, and will continue to create, a false impression concerning the association between Choice Hotels and Defendants; has created, and will continue to create, a false designation of the origin of Defendants' hotels, and has created, and will continue to create, a likelihood of confusion as to the connection among the respective parties.

59.     As a direct and proximate result of Defendants' use of the Marks, a false impression of association between Choice Hotels and Defendants, and Defendants' creation of a false designation of the origin of their hotels, Choice Hotels has been harmed and will continue to be harmed.

60.     Pursuant to 15 U.S.C. § 1116(a), Choice Hotels is entitled to an order preliminary and permanently enjoining Defendants from using the Marks.

61.     Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other harm to Choice Hotels' business, reputation and good will in the Marks.  Choice Hotels has no adequate remedy at law.

## COUNT III
### (Breach of Contract)

62.     Choice Hotels realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

63.     The Franchise Agreement between Choice Hotels and Defendants is a valid, and enforceable contract.

64.    Under the Franchise Agreement, Choice Hotels granted Defendants licenses to use the Marks.   In exchange, Defendants agreed to pay Choice Hotels a franchise fee and maintain certain minimum standards.   Defendants also agreed that, if Choice Hotels rightfully terminated the contract, Defendants would cease using the Marks.

65.    Defendants breached the contract by failing to pay franchise and related fees owed to Choice Hotels under the Franchise Agreement.   Due to Defendants' failure to pay fees and meet certain minimum standards, Choice Hotels terminated the Franchise Agreement on October 26, 2015.

66.    Choice Hotels has performed all of its obligations under the Agreements.

67.    Defendants breached the Franchise Agreements by not ceasing use of the Marks.

68.    Defendants' breach has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other harm to Choice Hotels' business, reputation and good will in the Marks.   Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Choice Hotels prays that this Court enter judgment in its favor and against Defendants as follows:

(A)    For preliminary and permanent injunctive relief to force Defendants to comply with the terms of the Franchise Agreement;

(B)    For preliminary and permanent injunctive relief to prevent and restrain Defendants, and all persons acting in concert with Defendants, from engaging in any further violation of Choice Hotels' rights, including but not limited to immediately ceasing use of the Marks in all forms, as is more fully set forth in Plaintiff's Motion for Preliminary Injunction;

(C)    For costs incurred;

KCP-8284646

(D)     For such other and further relief as this Court may deem just and proper.


Respectfully submitted,


/s/ Jeffrey J. Simon
Jeffrey J. Simon                KS  # 15231
Michael R. Owens                KS  # 67002
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, Missouri  64112
(816) 983-8000
(816) 983-8080 (FAX)
jeff.simon@huschblackwell.com
michael.owens@huschblackwell.com

Attorneys for Plaintiff Choice Hotels
International, Inc.

KCP-8284646